UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER SERRANO            :
    Plaintiff,              :
                                  :           PRISONER
   v.                          :   Case No. 3:12-cv-3(AWT)
                                  :
JOHN DOE NURSE and             :
EUGENE WINCHESTER,             :
    Defendants.             :

INITIAL REVIEW ORDER

    The plaintiff, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint *pro se* pursuant to 42 U.S.C. § 1083 (2000). The plaintiff challenges medical treatment he received at Windham Hospital.[1] He names as defendants Nurse John Doe and Dr. Eugene Winchester.

    Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

_____

    [1]The plaintiff incorrectly references the hospital as the Windham County Memorial Hospital. A document attached to the complaint lists the hospital as Windham Community Memorial Hospital. The website refers to the facility as Windham Hospital. *See* www.windhamhospital.org (last visited Jan. 26, 2012).

In reviewing a *pro se* complaint, the court must assume the truth of the factual allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  See *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff indicates on the complaint form that he brings this action pursuant to 42 U.S.C. § 1983.  To state a section 1983 claim, he must allege that a person acting under color of state law violated his constitutionally or federally protected rights.  Windham Hospital is an affiliate of Hartford Healthcare Corp., a private corporation.  See http://hartfordhealthcare.org

and (last visited Apr. 19, 2012). Thus, defendants Doe and Winchester are not state or municipal employees. The cases cited by the plaintiff in support of his claims are cases in which the defendants are correctional or state employees. These cases do not support the plaintiff's claims.

The Supreme Court has established a two-part test to determine when the actions of a private party may be attributed to the state so as to make the private party subject to liability under section 1983. First, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

The plaintiff alleges that the defendants provided inadequate medical care when he was treated at Windham Hospital. The State of Connecticut is not responsible for these defendants and their alleged actions are not the result of any right or privilege created by the State or a state official. Thus, they are not state actors and any claims against them are not

cognizable under section 1983.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The amended complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)  The Clerk is directed to enter judgment and close this case.

It is so ordered.

Dated this 20th day of April 2012, at Hartford, Connecticut.

                              /s/AWT
                         Alvin W. Thompson
                    United States District Judge